**B1040 (FORM 1040) (12/15)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
|  |  |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|  |  |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:   Sean Masataka Munekiyo,<br><br>              Debtor. | ) Case No.: 16-33751-KLP<br>)<br>) Chapter 7<br>)<br>) AP No._____<br>) |

Sean Masataka Munekiyo,

*Plaintiff*

v.

USB ELT BELA
c/o Pennsylvania Higher Education Assistance Agency /dba/
American Education Services
CT Corporation System, Registered Agent
116 Pine Street – Suite 320
Harrisburg, PA  17101

FCDB PSL Trust
c/o Pennsylvania Higher Education Assistance Agency /dba/
American Education Services
CT Corporation System, Registered Agent
116 Pine Street – Suite 320
Harrisburg, PA  17101

FCDB PSL Trust
The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

FCDB PSL, LLC
The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Counsel for the Plaintiff / Debtor
Brett Alexander Zwerdling, VBN 39569
Zwerdling, Oppleman & Adams
5020 Monument Avenue
Richmond, VA  23230
Phone 804-355-5719 Fax 804-355-1597
bzwerdling@zandolaw.com

FCDB PSL II, LLC
The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Educational Funding of the South, Inc.
c/o Ron Gambrill, Registered Agent
501 Corporate Centre Drive
Franklin, TN  37067-6422

Pennsylvania Higher Education Assistance Agency /dba/
FedLoan Servicing
c/o Daniel Weigle, Senior Vice-President
P.O. Box  69184
Harrisburg, PA  17106-9184

Great Lakes Educational Loan Services, Inc.
c/o Jeff Crosby, Registered Agent
2401 International Lane
Madison, WI  53704

Nelnet Servicing, LLC /dba/ Firstmark Services
c/o CT Corporation System
5601 S. 59th Street
Lincoln, NE  68516

Acapita Education Finance Corporation
c/o Murray Watson, Jr., Registered Agent
2600 Washington Avenue
Waco, TX  76710


*Defendants*.

## DEBTOR'S COMPLAINT TO DISCHARGE EDUCATION LOANS

COMES NOW the Debtor / Plaintiff (hereinafter "Plaintiff"), by counsel, and for his

complaint to discharge educational loans respectfully represents as follows:

## JURISDICTION

1.   Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157 because this action arises in and relates to the bankruptcy case of the Debtor, a chapter 7 case, filed in this Court on July 29, 2016.

2.   This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) (B) and (I).

## PARTIES

3.   Plaintiff is a natural person, Virginia resident and citizen of the United States of America, and the Debtor in this case.

4.   Upon information and belief, Defendant USB ELT BELA is an educational loan entity and a creditor in this bankruptcy case and whose claim is being serviced by the Pennsylvania Higher Education Assistance Agency /dba/ American Educational Services, which is a corporate entity organized under the laws of the Commonwealth of Pennsylvania.

5.   Upon information and belief, Defendants FCDB PSL Trust, FCDB PSL, LLC and FCDB PSL II, LLC are related educational loan entities and joint creditors in this bankruptcy case and whose claims are being serviced by the Pennsylvania Higher Education Assistance Agency /dba/ American Educational Services, which is a corporate entity organized under the laws of the Commonwealth of Pennsylvania.

6.   Upon information and belief, Defendant Educational Funding of the South, Inc. is an educational loan entity organized under the laws of the State of Tennessee and a creditor in this bankruptcy case, and whose claim is being serviced by Great Lakes Educational Loan Services, Inc., an entity organized under the laws of the State of Wisconsin.

7.   Upon information and belief, Defendant Pennsylvania Higher Education Assistance Agency /dba/ FedLoan Servicing is an educational loan entity and a creditor in this

bankruptcy case organized under the laws of the Commonwealth of Pennsylvania.

8. Upon information and belief, Defendant Acapita Education Finance Corporation is an educational loan entity and a creditor in this bankruptcy case organized under the laws of the State of Texas, and whose claim is being serviced by Nelnet Servicing, LLC /dba/ Firstmark Services.

## FACTS

9. On July 29, 2016, Sean Munekiyo (the "Debtor") filed a petition for relief under chapter 7 of title 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

10. Plaintiff attended medical school at St. George's School of Medicine in Grenada between 2002 and 2007.

11. Plaintiff obtained student loans from the Defendants, or has student loans being serviced by the Defendants, in order to pay for tuition and related costs.

12. In his schedules, the Debtor listed student loan debts totaling $530,806.00 as being owed collectively to the Defendants.

13. Upon receiving his Medical Doctor degree, he applied for residencies at 609 hospitals and institutions between the years of 2007 and 2012.

14. Plaintiff spent at least $7,440.00 in direct residency application costs and between an estimated $7,000.00 and $8,000 in indirect costs (fees and expenses associated with licensing exams and externships / observerships) applying to the above residencies.

15. He was systematically denied residencies at each hospital and institution presumably because he attended a medical school outside of the United States of America.

16. In an attempt to utilize his medical knowledge, he applied and briefly attended the Pennsylvania College of Optometry, but was not able to complete his degree there.

17. Plaintiff is now enrolled in online courses through the University of Maryland in order to obtain a Masters in public health, focusing on health care administration or public health analysis and policy.

18. The average salary of a healthcare administrator is $64,758.

http://www.payscale.com/research/US/Job=Healthcare_Administrator/Salary

19. Debtor had expected to have an income of at least $189,000 after completing his residency, which is the average base salary for generalists.  Because he cannot obtain a residency, he cannot become a generalist or any other kind of medical doctor without further training.  http://www1.salary.com/Doctor-Salary.html

20. Currently, Plaintiff has $126.00 of income per month.

21. Plaintiff has inherited an estimated $33,000.00 which has been surrendered to the Chapter 7 trustee in this case.

22. Plaintiff expects to live in the state of Virginia where his average cost of living will be, according to IRS allowances, approximately $42,696.00 per year.

23. Plaintiff's taxes, retirement and health insurance is estimated to be $25,258 of the $64,758.00.

24. Plaintiff's net income, therefore, would be approximately $39,500.00, which is less than the average $42,696 expected costs of living.

## THEORY

25. The issue presented is whether debtor's student loan is excepted from discharge as an undue hardship.  Bankruptcy Code § 523 provides in the relevant part:  (a) A discharge under

section 727…of this title does not discharge an individual debtor from any debt (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependants, for (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

26. The "Brunner Test" is the applicable standard in the Eastern District of Virginia in determining the dischargeability of an educational loan. Lohr v. Sallie Mae, et al. In Re Lohr, 252 B.R. 84 (2000).

27. Under the Brunner Test, a debtor must establish three elements to qualify for the undue hardship exception. First, the debtor must establish that he cannot, based on current income and expenses, maintain a "minimal" standard of living for himself and his dependents if forced to repay the loans; second, that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and third, that the debtor has made good faith efforts to repay the loans. Brunner v. New York State Higher Educ. Servs. Corp. In re Brunner, 46 B.R. 752, 754 (S.D.N.Y.1985), affd, 831 F.2d 395 (2d Cir.1987).

28. FIRST PRONG: MINIMAL STANDARD OF LIVING: as the Plaintiff's estimated allowed expenses as determined by the IRS would exceed his net income, this demonstrates an inability to maintain what the IRS considers a minimal standard of living for himself.

29. SECOND PRONG: LIKLINESS OF THIS STATE OF AFFAIRS TO PERSIST: As the education loans exceed a half-million dollars, the monthly payments necessary to pay this debt off over between now (the debtor is 45) and retirement age of 65 WITHOUT INTEREST would be approximately $2,212.06 per month. In other words, to simply meet his expenses and pay just the principal of the loans off, Plaintiff would have to make at least $29,740.00 more than $64,758.00 per year in order to accomplish this without paying interest on the loans.

30. THIRD PRONG: GOOD FAITH EFFORT: the plaintiff is committing his inheritance to the bankruptcy estate when he could have received the money, used it to live or pay for school, and then filed the bankruptcy. Instead, he decided to commit the money to the bankruptcy and pay for whatever it could. Further, Debtor has made every effort to obtain a residency or pursue an alternative career, but the best he can do will not even allow him to afford what the IRS considers standard.

31. There is a certainty of hopelessness that the Plaintiff will never be able to pay the full amount of his student loans. The possibility of the Plaintiff repaying the full amount of his student loans is virtually non-existent unless the bankrupt is stripped of all that makes life worth living.

## **PRAYER FOR RELIEF**

WHEREFORE, your Plaintiff respectfully requests the educational loans as either owned or serviced by the Defendants, and being listed in his bankruptcy petition, be discharged in whole or in part, and for other such relief as this court finds appropriate.

Sean Masataka Munekiyo

/s/ Brett Alexander Zwerdling
Counsel for the Plaintiff


Counsel for Sean Masataka Munekyio

Brett Alexander Zwerdling, VBN 39569
Zwerdling, Oppleman & Adams
5020 Monument Avenue
Richmond, VA  23230
Phone 804-355-5719 Fax 804-355-1597
bzwerdling@zandolaw.com